UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVEL INSURED INTERNATIONAL, INC., | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| ITRAVELINSURED, INC., | : | AUGUST 17, 2005 |
| | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Travel Insured International ("Travel Insured") alleges by this Complaint against defendant iTravelInsured ("iTravelInsured") as follows:

## INTRODUCTION

1. This is an action for trademark infringement, in violation of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051, et seq., and more specifically, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); for infringement of trademark rights at common law; and for unfair trade practices in violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

## THE PARTIES

2. The plaintiff, Travel Insured is a Connecticut corporation with its principal place of business at 52-S Oakland Avenue, East Hartford, CT 06128.

3. Upon information and belief, the defendant, iTravelInsured is an Indiana Corporation with its principal place of business at 2960 North Meridian Street, Indianapolis, Indiana, 46208.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367, and 15 U.S.C. § 1121(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

6. Plaintiff Travel Insured is in the business of, among other things, providing travel insurance administrative services throughout the United States.

7. In February 1994, Travel Insured adopted and began to use in interstate commerce the inherently distinctive service marks, Travel Insured International and Travel Insured International and Design (the "Marks"), for and in connection with its services, and has used the Marks continuously since that time. The Marks have at all times been owned exclusively by plaintiff. Plaintiff has never abandoned any of its rights to use the Marks, and plaintiff's rights in the Marks are valid, subsisting, and in full force and effect.

8. Plaintiff has widely and extensively used, marketed, and advertised its Marks in connection with its services. As a result of plaintiff's extensive promotion and use of the Marks, including on its web site located at <travelinsured.com>, the Marks have developed and now have

a secondary and distinctive trademark meaning to providers of travel insurance and other consumers throughout the United States. The Marks have come to identify plaintiff as the source of the services provided by plaintiff.

9.	On August 25, 2003, plaintiff filed for registration of the service mark Travel Insured International. On November 30, 2004 plaintiff was granted U.S. Registration No. 2906507 for the service mark Travel Insured International. Travel Insured International is registered for use with goods and services under classes IC 036 and US 100, 101, 102, specifically travel insurance services.

10.	On December 10, 2002, plaintiff filed for registration of the service mark Travel Insured International and Design. On April 27, 2004, plaintiff was granted U.S. Registration No. 2836466 for the service mark Travel Insured International and Design. Travel Insured International and Design is registered for use with goods and services under IC 036 and US 100, 101, 102, specifically travel insurance administration services.

11.	After Travel Insured adopted, began to use and filed for registration of the Marks, defendant iTravelInsured began to use the designation iTravelInsured and the domain name <itravelinsured.com> (the "Accused Marks") in interstate commerce in connection with identical and/or highly related services. On information and belief, defendant, among other things, provides travel and trip cancellation insurance underwriting and administration services.

12. On information and belief, iTravelInsured markets and sells travel and trip cancellation insurance underwriting and administration services throughout the United States.

13. On information and belief, iTravelInsured markets and sells travel and trip cancellation insurance underwriting and administration services to Connecticut residents, including but not limited to, eCruises.com, a cruise broker doing business in Danbury.  (*See* Exhibit A.)

14. On March 11, 2004, iTravelInsured filed an application with the United States Patent and Trademark Office to obtain registration of the service mark ITravelInsured for "travel and trip cancellation insurance underwriting and administration services."  On March 8, 2005 iTravelInsured was granted U.S. Registration  for the service mark iTravelInsured.

15. In addition, iTravelInsured uses an Internet web site, accessible through the Internet address <itravelinsured.com> as well as through various search engines.  The iTravelInsured web site is interactive.  On information and belief, providers of travel insurance and other consumers can obtain information about and purchase iTravelInsured services on the iTravelInsured web site.

16. Defendant markets its services to travel agents and other consumers using the same or similar marketing and trade channels as plaintiff.  iTravelInsured uses tag lines such as  "That's why your Travel agent suggests you say 'I Travel Insured' when it comes to purchasing travel protection" in their marketing materials.  (*See* Exhibits B and C.)  The confusing similarity between the phrase "I Travel Insured" and the Marks have caused confusion and mistake and are

likely to cause further confusion and mistake as to the source, origin, nature, and quality of the services marketed by Travel Insured.

17. Defendant has used and continues to use in interstate commerce the Accused Marks in connection with its services.

18. Plaintiff has no agreement of any kind with defendant that would authorize defendant's use of the Accused Marks.

19. The activities of defendant iTravelInsured complained of herein already have caused confusion and mistake and have deceived providers of travel insurance and other consumers, and are likely to cause further confusion and mistake and to deceive providers of travel insurance and other consumers, as to the source, origin, nature, and quality of the services marketed by defendant. For example, travel agents who are members of the Western Association of Travel Agencies, after having been contracted by iTravelInsured, indicated to Association management that they were confused over whether iTravelInsured products are affiliated with Travel Insured. Similarly, travel agents in other parts of the county have indicated to Travel Insured personnel that they were confused as to the relationship between iTravelInsured and Travel Insured.

**FIRST CLAIM FOR RELIEF**
**Violation of 15 U.S.C. § 1125(a)**

20. Travel Insured hereby repeats and realleges paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Defendant's unauthorized use of the Accused Marks in connection with defendant's advertising, marketing, and sale of goods and services constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which does and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff Travel Insured or as to the origin, sponsorship, or approval of defendant's services, in violation of 15 U.S.C. § 1125(a).

22. As a result of the aforesaid conduct by defendant, plaintiff Travel Insured has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm.

23. As a result of the aforesaid conduct by defendant, plaintiff Travel Insured International has suffered, and will continue to suffer, damages.

## SECOND CLAIM FOR RELIEF
### Violation of 15 U.S.C. § 1125(c)

24. Travel Insured hereby repeats and realleges paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. As a result of plaintiff's use of its distinctive Marks throughout the United States, the Mark has become famous and has gained a high degree of distinctiveness.

26. The aforesaid acts by defendant commenced after the Marks became famous and distinctive.

27. Defendant's actions, as alleged above, have caused and, unless enjoined, will continue to cause dilution of the distinctive quality of plaintiff's famous Marks, in violation of the Federal Anti-Dilution Statute, Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

28. As a result of the aforesaid conduct by defendant, plaintiff Travel Insured has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm.

29. As a result of the aforesaid conduct by defendant, Travel Insured has suffered, and will continue to suffer, damages.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

30. Travel Insured hereby repeats and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. The aforesaid acts by defendant constitute trademark infringement in violation of Travel Insured's trademark rights at common law.

32. As a result of the aforesaid conduct by defendant, Travel Insured has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm.

33. As a result of the aforesaid conduct by defendant, Travel Insured has suffered, and will continue to suffer, damages.

### FOURTH CLAIM FOR RELIEF
**Violation of the Connecticut Unfair Trade Practices Act**

34. Travel Insured hereby repeats and realleges paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. The acts of defendant alleged above constitute unfair competition and unfair and deceptive acts in the conduct of trade or commerce in violation of Section 42-110b of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b.

36. Plaintiff has suffered and, if defendant is not enjoined, will suffer, an ascertainable loss of money or property as a result of defendant's acts, including, among other things, damage to plaintiff's name, business, reputation, and goodwill, as well as immediate irreparable harm.

37. As a result of defendant's violations of CUTPA, plaintiff has suffered and, if defendant is not enjoined, will continue to suffer damages and irreparable harm.

### RELIEF REQUESTED

WHEREFORE, plaintiff Travel Insured demands judgment as follows:

1. For a preliminary and permanent injunction restraining defendant iTravelInsured, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with iTravelInsured or with any of the foregoing from:

    a) using the Travel Insured International Marks or any word or combination of words that is similar to, or that is likely to cause confusion with, Travel Insured, as a part of any trademark, service mark, or trade name, or other product or commercial

        identification, iTravelInsured, in connection with the sale, offering for sale, distribution, advertising, or promotion of any goods or services;

    b)    using, in connection with the sale, offering for sale, distribution, advertising, or promotion of any product or service, any label, print, wrapper, receptacle, bottle, container, display, advertisement, radio or television commercial, or printed matter, or material in any medium, including electronic media, that displays or includes any colorable imitation or simulation of Travel Insured's Marks, including iTravelInsured;

    c)    continuing to use the Domain Name <itravelinsured.com> on the Internet;

    d)    unfairly competing with Travel Insured in any manner whatsoever;

    e)    committing any false advertisement to the injury of Travel Insured;

    f)    committing any deceptive act or practice to the injury of Travel Insured; and

    g)    causing any injury to Travel Insured's business reputation.

    2.    An order that defendant be directed to file with this Court and serve on plaintiff within thirty days after the service of an injunction, a report, in writing under oath, setting forth in detail the manner and form in which defendant has complied with the injunction.

    3.    An order that defendant be required to deliver up all devices, literature, signs, disks, programs, advertising, and other material bearing the infringing designations to plaintiff or, in the alternative, to destroy said materials.

    4.    Compensatory damages.

    5.    Defendant's profits, pursuant to 15 U.S.C. § 1117(a).

    6.    Statutory damages, pursuant to 15 U.S.C. § 1117(c).

7.      Punitive damages, including punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a).

8.      Attorneys' fees and costs, including attorneys' fees pursuant to Conn. Gen. Stat. § 42-110g(d) and 15 U.S.C. § 1117.

9.      Interest.

10.     Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this case as to all issues so triable.

PLAINTIFF, TRAVEL INSURED
INTERNATIONAL.

By _____
Elizabeth A. Alquist (ct15643)
eaalquist@dbh.com
James Mahanna (ct24681)
jmahanna@dbh.com
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Telephone:  (860) 275-0100
Telecopier:  (860) 275-0343
Its Attorneys